UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RUDEN ELLIS and BARBARA ELLIS,

                Plaintiffs,

      -against-

SABEINI MITIVACH ASSOCIATES,

                Defendant.
----------------------------------------------------------------X

**ORDER**

**14-CV-4441 (NGG) (JO)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Ruden Ellis ("Plaintiff" or "Ellis"),[1] proceeding pro se, commenced this action on July 22, 2014, against his landlord, Defendant Sabeini Mitivach Associates ("Defendant" or "Sabeini"). The court grants Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and, for the reasons discussed below, dismisses the action for lack of subject matter jurisdiction.

## I.    BACKGROUND

According to Plaintiff's one-page Complaint, he resides in a home located at 1302 Pacific Street in Brooklyn, New York, with his daughter and his two grandchildren. (Compl. (Dkt. 1) ¶ iv.) The residence is purportedly owned by Sabeini. (Id. ¶ iii.) Plaintiff alleges that the premises is "a death trap faced with numerous violations," and that on July 17, 2014, the ceiling in his bathroom collapsed on him. (Id. ¶ iv.) In support of his claims, Ellis attaches to the Complaint an inspection summary from the New York City Department of Housing Preservation

---

[1] The court notes that Plaintiff Barbara Ellis did not sign the Complaint. See Fed. R. Civ. P. 11 (the Federal Rules of Civil Procedure requires that "every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented."). Further, Ruden Ellis, a non-attorney, may not represent his daughter, Barbara Ellis, in connection with this case. See Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 132 (2d Cir. 2009) ("[A]n individual generally has the right to proceed pro se with respect to his own claims or claims against him personally, [but] the statute does not permit unlicensed laymen to represent anyone else other than themselves."); Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) (noting an unlicensed individual "may not appear on another person's behalf in the other's cause"). Accordingly, the court will consider the Complaint as having been filed by Ruden Ellis as the sole plaintiff.

1

and Development that appears to show that his residence lacked smoke alarms, carbon monoxide alarms, and window guards, and that the inspector found peeling paint. (Compl., App'x.) Plaintiff further alleges that his grandchildren have been diagnosed "as having a large quantity of lead contamination in their blood stream." (Id. ¶ v.) Plaintiff seeks $3,000,000 in damages. (Id.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). At the pleadings stage of the proceeding, however, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to read Plaintiff's pro se Complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

2

## III. DISCUSSION

Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court sua sponte. See Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62-63 (2d Cir. 2009).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. Moore v. Angiuli & Gentile, LLP, No. 12-CV-2966, 2012 WL 3288747, at *2 (E.D.N.Y. Aug. 9, 2012). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quoting Sharkey v. Quarantine, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted).

Here, neither § 1331 nor § 1332 support a finding of federal jurisdiction over Plaintiff's Complaint. As a preliminary matter, Plaintiff has not alleged sufficient facts to support a finding that he and Defendant are of diverse citizenship. See Dupont, 565 F.3d at 64 (2d Cir. 2009) ("[A] plaintiff premising federal jurisdiction on diversity of citizenship is required to include in its complaint adequate allegations to show that the district court has subject matter jurisdiction . . . ."). Indeed, based on the Civil Cover Sheet filed by Plaintiff, both parties appear to be citizens

of New York, and thus diversity of citizenship is lacking for Plaintiff's personal injury and housing claims. "In the absence of diversity of citizenship," the Supreme Court has provided that "it is essential to jurisdiction that a substantial federal question should be presented." Hagans v. Lavine, 415 U.S. 528, 537 (1974) (quoting Ex parte Poresky, 290 U.S. 30, 31-32 (1933)). "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513 (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)). Yet it is well settled that the landlord-tenant relationship is fundamentally a matter of state law, and federal courts lack subject matter jurisdiction over state residential landlord-tenant matters. See Cain v. Rambert, No. 13-CV-5807, 2014 WL 2440596, at *3 (E.D.N.Y. May 30, 2014) (federal courts lack subject matter jurisdiction over landlord-tenant claims); Kheyn v. City of New York, No. 13-CV-6858, 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010) (same). The Complaint in this case does not purport to assert a claim under federal law; nor does it appear to the court that Plaintiff's claims, even when construed liberally, are premised on a violation of any federal constitutional or statutory right.

Accordingly, to the extent that Plaintiff seeks to recover for his injuries or desires assistance in resolving a dispute with his landlord, this court lacks jurisdiction to hear his claim. As Plaintiff has not raised any issue arising under federal law or any other basis for this court's subject matter jurisdiction, his claims against Sabeini must be dismissed. See Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

IV. CONCLUSION

For the forgoing reasons, Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is GRANTED and the Complaint is DISMISSED for lack of subject matter

jurisdiction. However, this dismissal is without prejudice and Plaintiff may refile this action provided he alleges some valid grounds for federal jurisdiction.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      October 16, 2014

NICHOLAS G. GARAUFIS
United States District Judge